**DISTRICT COURT OF MARYLAND FOR** Montgomery County

LOCATED AT (COURT ADDRESS)
191 East Jefferson Street
Rockville, MD 20850

**COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
☒ $5,000 or under ☐ over $5,000 ☐ over $10,000

Clerk: Please docket this case in an action of ☒ contract ☐ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim
The particulars of this case are:

See attached Complaint.

**CASE NO.** CV

**PARTIES**

Plaintiff
Scott Nash
8800 Laurel Valley Lane
Montgomery Village, MD 20886

VS.

Defendant(s):
1. PNC Bank, N.A. d/b/a PNC Mortgage
249 Fifth Avenue
Pittsburgh, PA 15222

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

3.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

4.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)

The Plaintiff claims $ 2,000 , plus interest of $ _____,
Interest at the ☐ legal rate ☐ contractual rate calculated at _____ %,
from _____ to _____ ( _____ days x $ _____ per day) and attorney's fees of $ 3,000.00 plus court costs.

☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Ellery Johannessen, Esq.
Address: 4550 Montgomery Ave., Suite 760N, Bethesda, MD 20814
Telephone Number: 571-989-3917
Fax: 202-403-3393
E-mail: ellery@goiteinlaw.com

**ATTORNEYS**
For Plaintiff - Name, Address, Telephone Number & Code
Ellery Johannessen, Esq.
Goitein Law, LLC
4550 Montgomery Avenue, Suite 760N
Bethesda, MD 20814
(571) 989-3917

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s) _____ Name _____ is/are in the military service.
☒ No Defendant is in the military service. The facts supporting this statement are: Defendant is a corporation

Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

6/24/16
Date

Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

Date

Signature of Affiant

DC-CV-001 (front) (Rev. 09/2014)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing**, a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU <u>DISAGREE</u> WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:
   - **more than $5,000**, you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).
   - **$5,000 or less**, you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE <u>NOT</u> TO APPEAL AND <u>NOT</u> TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

### NOTICE TO PLAINTIFF

1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.

2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

DC-CV-001 (back) (Rev. 09/2014)


## IN THE DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY

**Scott Nash**  )
8800 Laurel Valley Lane  )
Montgomery Village, MD 20886  )
)
    Plaintiff,  )
)
    v.  )    Case No. _____
)
**PNC Bank, N.A. d/b/a PNC Mortgage**  )
249 Fifth Avenue  )
Pittsburgh, PA 15222  )
)
*Serve*: Registered Agent  )
    CSC-Lawyers Incorporating Svc. Co.  )
    7 St. Paul Street, Ste. 820  )
    Baltimore, MD 21202  )
)
    Defendant.  )
_____)

### COMPLAINT

The Plaintiff, the Scott Nash, by and through undersigned counsel, hereby sue Defendant PNC Bank, N.A. d/b/a PNC Mortgage ("PNC"), and represents unto the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult citizen of the United States and a resident of Montgomery County, Maryland.

2. Defendant PNC is a loan servicer regularly conducting business in Maryland and the current loan servicer of the subject mortgage.

3. This Court has subject matter jurisdiction over this case pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 4-401 because Plaintiff resides in Maryland and because the property in question is located within Maryland, and because the claim for relief does not exceed $30,000.

4. This Court has personal jurisdiction over Defendant pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 4-201 because Defendant conducts business in Maryland and the cause of action herein arises from Defendant's conduct in Maryland.

5. Venue is proper in this County pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-203(b) because the real property that is encumbered by the subject mortgage is located within Montgomery County, Maryland.

## FACTS

6. Plaintiff is the personal representative of the Estate of Patricia Nash, who was the owner of certain real property commonly known as 8800 Laurel Valley Drive, Montgomery Village, Maryland (the "Property"). Patricia Nash passed away on September 7, 2014. Plaintiff was appointed the personal representative of the estate. The Property is encumbered by a Refinance Deed of Trust (the "Mortgage") in favor of PNC.

7. Defendant is the current loan servicer of the Mortgage.

8. As a result of the passing of Patricia Nash, payments on the Mortgage lapsed. Defendant responded by initiating foreclosure proceedings in the Circuit Court for Montgomery County, styled as *Ward, et al. v. Nash*, Case No. 405281-V.

9. On or about March 23, 2016 Plaintiff, through counsel, submitted a loan modification application to PNC in hopes of resuming the mortgage and assuming the loan in his own name. PNC responded with a letter on March 24, 2016 confirming receipt of the application.

10. On or about April 22, 2016 PNC sent a letter requesting additional documentation for consideration of the loan modification by May 6, 2016. Plaintiff responded by submitting documents to PNC, though counsel, on May 5, 2016. Counsel acknowledged receipt of the documents the same day.

11. On or about June 3, 2016 PNC sent a letter denying Plaintiff a loan modification (the "Denial Letter"). A true and accurate copy of the Denial Letter is attached hereto as Exhibit 1 and incorporated by reference.[1] Specifically, the Denial Letter alleged that the investor of the loan did not offer any modification options.

12. Plaintiff responded on June 14, 2016 by sending a letter to PNC appealing the denial pursuant to 12 C.F.R. § 1024.41(h) (the "Appeal Letter"). A true and accurate copy of the Appeal Letter is attached hereto as Exhibit 2 and incorporated by reference. Plaintiff also included a qualified written request ("QWR") as defined by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). The QWR raised servicing questions relating to the steps that PNC undertook to persuade the investor to approve a modification because PNC is a participant in the federal Home Affordable Modification Program ("HAMP") and is required to do so by virtue of HAMP guidelines.

13. On June 20, 2016 Defendant sent a letter (the "Response Letter"), alleging that an "independent appeal review" had determined that Plaintiff's application was properly denied. A true and accurate copy of the Response Letter is attached hereto as Exhibit 3 and incorporated by reference. Defendant failed to provide any response to the QWR.

14. Additional facts shall be set forth as needed.

## COUNT I – VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT
(12 U.S.C. § 2605)

15. Plaintiff hereby adopts and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

16. Defendant is a servicer as defined by RESPA because it is responsible for the collection of periodic payments and applying those payments to the Mortgage account.

---

[1] All exhibits attached hereto have been redacted as required by Md. Rule 1-322.1(b)(2).

17. Plaintiff's Mortgage is a federally related mortgage loan as defined by RESPA.

18. Defendant is responsible for servicing Plaintiff's Mortgage and has been the servicer of the Mortgage at all times relevant to this complaint.

19. Plaintiff submitted a facially complete loss mitigation application, the Loan Modification Application, more than 37 days prior to a scheduled foreclosure sale.

20. Defendant was obligated by the Code of Federal Regulations, 12 C.F.R. § 1024.41, and by extension RESPA, to provide a substantive response to Plaintiff's loan modification application, and specifically, to identify investor restrictions that prohibit a loan modification.

21. Defendant was further obligated under RESPA to acknowledge Plaintiff's QWR, and to respond substantively within 30 days of the date the QWR was received.

22. In denying the loan modification application, Defendant failed to identify the applicable investor restrictions that prohibited Plaintiff from obtaining a loan modification.

23. Defendant further failed to provide a substantive response to Plaintiff's QWR by failing to answer servicing-related questions with respect to efforts undertaken to persuade the investor to approve a loan HAMP modification.

24. Defendant also failed to timely respond to the QWR sent by Plaintiff's attorney as required by RESPA.

25. Plaintiff has incurred costs, including reasonable attorney's fees, in bringing this action.

WHEREFORE, Plaintiffs respectfully pray this Court enter a judgment:

A. Awarding statutory damages in the amount of $2,000;

B. Awarding actual damages to be determined at trial; and

C. Awarding reasonable attorneys' fees to be determined at trial.

**[Signature appears on next page]**

Respectfully submitted,

Ellery Johannessen, Esq.
Evan V. Goitein, Esq.
GOITEIN LAW, LLC
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
(571) 989-3917
ellery@goiteinlaw.com
*Counsel for Plaintiff*