Exhibit 2

## GOITEIN LAW, LLC

4550 MONTGOMERY AVENUE
SUITE 760N
BETHESDA, MARYLAND 20814-3304

www.goiteinlaw.com

PHONE: (571) 989-3917
FAX: (202) 403-3393
EMAIL: ellery@goiteinlaw.com

June 14, 2016

VIA E-MAIL
MHA_Inquiry@pncmortgage.com

VIA FIRST-CLASS MAIL
PNC Mortgage/MHA
B6-YM08-01-9
3232 Newmark Drive
Miamisburg, OH 45342-5421

RE:   The Estate of Patricia Nash
      c/o Scott Nash
      8800 Laurel Valley Lane
      Montgomery Village, MD 20886
      Account No

### APPEAL LETTER and QUALIFIED WRITTEN REQUEST

To whom it may concern:

This letter is being sent in response to PNC Mortgage's ("PNC") letter dated June 3, 2016 which denies my client a loan modification based on investor restrictions. This letter shall serve as an appeal of PNC's denial of my clients' request for a HAMP modification. Furthermore, insofar as this letter seeks specific information relating to the servicing of my client's loan, please treat this letter as a Qualified Written Request ("QWR") and request for information as defined in the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). As you may know, RESPA provides substantial penalties and fines for non-compliance or failure to respond according to the statute. Please ensure that your response thoroughly addresses the inquiries made herein.

My client submitted documents to be considered for a modification of the subject loan. Because my client is self-employed, he was asked to provide additional information relating to his self-employment income, including profit and loss statements, tax information, and bank statements. Documents were exchanged through PNC's foreclosure counsel starting March 24, 2016 and continuing through May 5, 2016. On or about June 3, 2016 PNC sent my clients a letter (the "Denial Letter") denying my client any retention options. A copy of the Denial Letter is attached for your convenience. The reason given for the denial was that the investor, Federal Home Loan Bank Cincinnati ("FHLBC"), had not authorized PNC to modify the loan under either HAMP or any other in-house program.

Specifically, the Denial Letter noted the following:
- That FHLBC had not given PNC the authority to modify the loan under the HAMP Tier I program;

Nash Appeal
June 14, 2016
Page 2 of 3

- That FHLBC had not given PNC the authority to modify the loan under the HAMP Tier II program;
- That FHLBC would not modify the loan under an internal modification because the unpaid principal balance on the proposed modification exceeds the original unpaid principal balance;
- That FHLBC had not given PNC the authority to modify the loan under an internal program;
- That FHLBC had not given PNC the authority to enter into the "Cap and Extend" modification plan;
- That FHLBC had not given PNC the authority to enter into the "Debt to Income" modification plan;
- That a 12-month repayment plan was not feasible because my client's income could not be verified;
- That a 24-month repayment plan was not feasible because my client's income could not be verified;
- That any manner of forbearance plan could not be approved because my client had not documented a temporary financial hardship;
- That liquidation options were not available because they were not requested.

### HAMP Denials

PNC denied my client modifications through the HAMP program because of investor restrictions, but failed to identify and provide copies of those restrictions. PNC also conducted a loss mitigation review of my client's loan despite the investor restrictions. As you know, HAMP guidelines require that, "[i]f an investor is not participating in HAMP or has restrictions in the applicable servicing or investor agreement that make it unfeasible to complete the [HAMP Waterfall] ... the servicer should identiy this fact prior to completing such modification steps or conducting the NPV analysis described in Section 7." MHA Handbook § 6.3 – Standard Modification Waterfalls; *see also* MHA Handbook § 6.5 – Prohibitions on Modification Waterfall Steps. It is inexplicable that, despite an obvious investor restriction, PNC still conducted the HAMP review only to ultimately deny the same.

Furthermore, the Denial Letter does not note any efforts made by PNC to convince FHLBC to waive its restrictions. HAMP guidelines note that

> [s]ervicers must maintain evidence in the loan file documenting the nature of any deviation from taking any sequential modification step in the modification waterfall and the fact that the applicable servicing agreement, investor guideline or law restricted or prohibited fully performing the modification waterfall step. The documentation must show that *the servicer made a reasonable effort to seek a waiver from the investor* and whether that waiver was approved or denied.

MHA Handbook § 6.5 – Prohibitions on Modification Waterfall Steps (emphasis added). The Denial Letter plainly omits this requirement, as it is silent as to the steps taken, if any, by PNC in an effort to convince FHLBC to waive their restrictions. Surely PNC would have some success in obtaining a waiver of these restrictions, as it only benefits FHLBC to have a performing asset in contrast to a foreclosed property.

### Other Denials

Lastly, insofar as PNC denied my client for repayment and forbearance plans, PNC's given reasons are in error. First, PNC denied my client for repayment plans because it could not verify my client's income. This claim flatly ignores the documents that were provided in support his loan modification application. My client plainly documented his income by way of profit and loss statements, bank statements, and tax returns. PNC requested additional documents on April 22, 2016, including a statement of ownership and payment of HOA dues. My client provided the same to foreclosure counsel on May 5, 2016 via e-mail. PNC's statement that income could not be verified are therefore inaccurate and should be corrected so as to conduct a review of the repayment options.

My client was also denied a forbearance plan based on a supposed failure to document a financial hardship. On the contrary, my client included a hardship letter describing the financial hardship. The borrower, Patricia Nash, passed away and responsibility for the mortgage passed to her son and personal representative, Scott Nash. Mr. Nash's hardship was obvious – with the passing of his mother, he shouldered a severe financial burden in his mother's funeral expenses and related costs, in addition to assuming responsibility for the mortgage. To state that he failed to document this hardship is hardly a tenable position. As a consequence, he asks that PNC review him for forbearance options.

Thank you in advance for your cooperation, and please do not hesitate to contact me for any additional information. I look forward to receiving any future communications from you regarding the above-referenced mortgage. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Ellery Johannessen, Esq.