# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Scott Nash** )<br>8800 Laurel Valley Lane )<br>Montgomery Village, MD 20886 )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>**PNC Bank, N.A. d/b/a PNC Mortgage** )<br>249 Fifth Avenue )<br>Pittsburgh, PA 15222 )<br>  )<br>*Serve*: Registered Agent )<br>  CSC-Lawyers Incorporating Svc. Co.)<br>  7 St. Paul Street, Ste. 820 )<br>  Baltimore, MD 21202 )<br>  )<br>  Defendant. )<br>_____ ) | Case No. <u>8:16-cv-02910-TDC</u> |

## <u>AMENDED COMPLAINT</u>

The Plaintiff, the Scott Nash, by and through undersigned counsel, hereby sue Defendant PNC Bank, N.A. d/b/a PNC Mortgage ("PNC"), and represents unto the Court as follows:

<u>PARTIES, JURISDICTION, AND VENUE</u>

1. Plaintiff is an adult citizen of the United States and a resident of Montgomery County, Maryland.

2. Defendant PNC is a loan servicer regularly conducting business in Maryland and the current loan servicer of the subject mortgage.

3. This Court has subject matter jurisdiction over this case pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 4-401 because Plaintiff resides in Maryland and because the property in question is located within Maryland, and because the claim for relief does not exceed $30,000.

1

4. This Court has personal jurisdiction over Defendant pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 4-201 because Defendant conducts business in Maryland and the cause of action herein arises from Defendant's conduct in Maryland.

5. Venue is proper in this County pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-203(b) because the real property that is encumbered by the subject mortgage is located within Montgomery County, Maryland.

## FACTS

6. Plaintiff is the personal representative of the Estate of Patricia Nash, who was the owner of certain real property commonly known as 8800 Laurel Valley Drive, Montgomery Village, Maryland (the "Property"). Patricia Nash passed away on September 7, 2014. Plaintiff was appointed the personal representative of the estate. The Property is encumbered by a Refinance Deed of Trust (the "Mortgage") in favor of PNC.

7. Defendant is the current loan servicer of the Mortgage.

8. As a result of the passing of Patricia Nash, payments on the Mortgage lapsed. Defendant responded by initiating foreclosure proceedings in the Circuit Court for Montgomery County, styled as *Ward, et al. v. Nash*, Case No. 405281-V. That case remains pending, and Plaintiff is presently seeking injunctive relief therein.

9. On or about March 23, 2016 Plaintiff, through counsel, submitted a loan modification application to PNC in hopes of resuming the mortgage and assuming the loan in his own name. PNC responded with a letter on March 24, 2016 confirming receipt of the application.

10. On or about April 22, 2016 PNC sent a letter requesting additional documentation for consideration of the loan modification by May 6, 2016. Plaintiff responded by submitting documents to PNC, though counsel, on May 5, 2016. Counsel acknowledged receipt of the documents the same day.

11. On or about June 3, 2016 PNC sent a letter denying Plaintiff a loan modification (the "Denial Letter"). A true and accurate copy of the Denial Letter is attached hereto as Exhibit 1 and incorporated by reference.[1] Specifically, the Denial Letter alleged that the investor of the loan did not offer any modification options.

12. Plaintiff responded on June 14, 2016 by sending a letter to PNC appealing the denial pursuant to 12 C.F.R. § 1024.41(h) (the "Appeal Letter"). A true and accurate copy of the Appeal Letter is attached hereto as Exhibit 2 and incorporated by reference. Plaintiff also included a qualified written request ("QWR") as defined by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). The QWR raised servicing questions relating to the steps that PNC undertook to persuade the investor to approve a modification because PNC is a participant in the federal Home Affordable Modification Program ("HAMP") and is required to do so by virtue of HAMP guidelines.

13. On June 20, 2016 Defendant sent a letter (the "Response Letter"), alleging that an "independent appeal review" had determined that Plaintiff's application was properly denied. A true and accurate copy of the Response Letter is attached hereto as Exhibit 3 and incorporated by reference. Defendant failed to provide any response to the QWR.

14. Additional facts shall be set forth as needed.

<u>COUNT I – VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT</u>
(12 U.S.C. § 2605)

15. Plaintiff hereby adopts and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

16. Defendant is a servicer as defined by RESPA because it is responsible for the collection of periodic payments and applying those payments to the Mortgage account.

---

[1] All exhibits attached hereto have been redacted as required by Md. Rule 1-322.1(b)(2).

17. Plaintiff's Mortgage is a federally related mortgage loan as defined by RESPA.

18. Defendant is responsible for servicing Plaintiff's Mortgage and has been the servicer of the Mortgage at all times relevant to this complaint.

19. Plaintiff submitted a facially complete loss mitigation application, the Loan Modification Application, more than 37 days prior to a scheduled foreclosure sale.

20. Defendant was obligated by the Code of Federal Regulations, 12 C.F.R. § 1024.41, and by extension RESPA, to provide a substantive response to Plaintiff's loan modification application, and specifically, to identify investor restrictions that prohibit a loan modification.

21. Defendant was further obligated under RESPA to acknowledge Plaintiff's QWR, and to respond substantively within 30 days of the date the QWR was received.

22. In denying the loan modification application, Defendant failed to identify the applicable investor restrictions that prohibited Plaintiff from obtaining a loan modification.

23. Defendant further failed to provide a substantive response to Plaintiff's QWR by failing to answer servicing-related questions with respect to efforts undertaken to persuade the investor to approve a loan HAMP modification.

24. Defendant also failed to timely respond to the QWR sent by Plaintiff's attorney as required by RESPA.

25. The numerous RESPA violations detailed in this Complaint constitute a pattern and practice of noncompliance.

26. Plaintiff has incurred damages as a result of Defendant's actions. Defendant has expended in excess of $1,000.00 per month in upkeep on the Property, including yard maintenance, electric and water bills, and other miscellaneous repairs. To date, Plaintiff has incurred approximately $7,000.00 in damages.

27. Plaintiff would not have incurred these damages but for Defendant's failure to provide the information that Plaintiff sought because Plaintiff would not have continued to incur these expenses if he had been made aware of the futility of obtaining a loan modification.

WHEREFORE, Plaintiffs respectfully pray this Court enter a judgment:

A. Awarding statutory damages in the amount of $2,000.00;

B. Awarding actual damages in the amount of $7,000.00; and

C. Awarding reasonable attorneys' fees to be determined at trial.

Respectfully submitted,

/s/ Ellery Johannessen
Ellery Johannessen, Esq.
Evan V. Goitein, Esq.
GOITEIN LAW, LLC
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
(571) 989-3917
ellery@goiteinlaw.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2016, a copy of the foregoing pleading was sent this Court's ECF system to:

Daniel J. Tobin, Esq.
tobindj@ballardspahr.com
Daniel C. Fanaselle, Esq.
fanaselled@ballardspahr.com
Ballard Spahr, LLP
1909 K Street, N.W., 12th Floor
Washington, DC 20006
*Attorneys for Defendant*

/s/ Ellery Johannessen
Ellery Johannessen, Esq.