IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTT NASH, | * | |
| Plaintiff, | * | Case No.: 8:16-cv-02910-TDC |
| v. | * | |
| PNC BANK, N.A., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT PNC BANK, N.A.'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant PNC Bank, N.A. ("PNC"), by counsel, hereby responds to the Amended Complaint filed by plaintiff Scott Nash ("Plaintiffs") as follows:

1. PNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and as such, the allegations are denied.

2. PNC admits only that it: (1) regularly conducts business in the State of Maryland; (2) services mortgage loans as part of its business as part of its business; and (3) was the servicer of the subject mortgage loan prior to the foreclosure sale held on March 3, 2017, which sale was ratified by the Circuit Court for Montgomery County, Maryland (the "Circuit Court") on April 28, 2017. As a result, title to the property passed to the foreclosure purchaser, and the property is no longer subject to the deed of trust. *See* Md. Code R.P. § 7-105(c).

3. The allegations in paragraph 3 constitute conclusions of law to which no response is required. By way of further answer, this Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a claim or right arising under the laws of the United States.

4. PNC admits that the Court has personal jurisdiction over PNC. The remaining allegations in paragraph 4 constitute conclusions of law to which no response is required.

5. PNC responds to paragraph 5 by stating that venue is proper in this Court.

6. PNC admits only that the real property located at 8800 Laurel Valley Drive, Montgomery Village, Maryland (the "Property") was encumbered by a deed of trust (the "Deed of Trust") in favor of PNC. The remaining allegations in paragraph 6 are conclusions of law to which no response is required. To the extent any response is deemed necessary, the allegations are denied. By way of further answer, the Property was sold at a foreclosure sale on March 3, 2017, and the sale was ratified by the Circuit Court on April 28, 2017. As a result, title to the Property passed to the foreclosure purchaser, and the Property is no longer subject to the Deed of Trust. *See* Md. Code R.P. § 7-105(c).

7. PNC admits only that was the servicer of the subject mortgage loan prior to the foreclosure sale held on March 3, 2017. By way of further answer, the Property was sold at a foreclosure sale on March 3, 2017, and the sale was ratified by the Circuit Court on April 28, 2017. As a result, title to the Property passed to the foreclosure purchaser, and the Property is no longer subject to the Deed of Trust. *See* Md. Code R.P. § 7-105(c).

8. PNC admits only that it commenced a foreclosure action in the Circuit Court as a result of a default on the subject mortgage loan. PNC is without knowledge or information to form a belief as to the truth of Plaintiff's allegations regarding the reason for the default, and as such, the allegations are denied. PNC further denies that the foreclosure action is currently pending, or that Plaintiff is presently seeking injunctive relief therein.

9. PNC admits only that Plaintiff submitted certain documents related to a loan modification to PNC on or about March 23, 2016, and that PNC sent a letter confirming receipt of the documents on or about March 24, 2016. PNC denies that the documents constituted a complete "loan modification application."

10. PNC admits only that it sent a letter on or about April 22, 2016, requesting additional documentation needed to proceed with its review for a loan modification, and that Plaintiff's counsel submitted certain documents on or about May 5, 2016.

11. The allegations in paragraph 11 refer to a written document, the text of which speaks for itself. Plaintiff's characterization of said document is denied.

12. The allegations in paragraph 12 refer to a written document, the text of which speaks for itself. Plaintiff's characterization of said document is denied. By way of further answer, PNC denies that the document constituted a valid qualified written request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). However, this allegation is immaterial, because Plaintiff's claim under 12 U.S.C. § 2605(e) was dismissed by the Court's Order entered on April 20, 2017.

13. The allegations in paragraph 13 refer to a written document, the text of which speaks for itself. Plaintiff's characterization of said document is denied.

14. Paragraph 14 does not contain any averments. No response is required under the Federal Rules of Civil Procedure.

**COUNT I: VIOLATIONS OF THE REAL ESTATE
SETTLEMENT PROCEDURES ACT (12 U.S.C. § 2605)**

15. PNC incorporates its responses set forth in the foregoing paragraphs as if set forth in full herein.

16. The allegations in paragraph 16 constitute conclusions of law to which no response is required. To the extent any response is deemed necessary, the allegations are denied.

17. The allegations in paragraph 17 constitute conclusions of law to which no response is required. To the extent any response is deemed necessary, the allegations are denied.

18. PNC admits only that was the servicer of the subject mortgage loan prior to the foreclosure sale held on March 3, 2017. By way of further answer, the Property was sold at a foreclosure sale on March 3, 2017, and the sale was ratified by the Circuit Court on April 28, 2017. As a result, title to the Property passed to the foreclosure purchaser, and the Property is no longer subject to the Deed of Trust. *See* Md. Code R.P. § 7-105(c).

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied. By way of further answer, Plaintiff's alleged expenses for "yard maintenance, electric and water bills, and other miscellaneous repairs" are not actionable damages under RESPA.

27. Denied. By way of further answer, Plaintiff's alleged expenses for "yard maintenance, electric and water bills, and other miscellaneous repairs" are not actionable damages under RESPA.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state any claim upon which relief may be granted.

2. Plaintiff's claims are bared by the applicable statute of limitations.

3. Plaintiff lacks standing to pursue his claims.

4. Plaintiff is barred from relief against PNC inasmuch as any alleged harm suffered by Plaintiff was not caused in fact or proximately caused by any act, action, or omission of PNC or any of its employees, agents, or ostensible agents.

5. Plaintiff has failed to mitigate his damages, if any.

6. Any and all damages sustained by Plaintiff are the direct result of his own actions or omissions or the acts or omissions of unrelated third parties over which PNC had no control.

7. PNC has acted in good faith and without malice or intent to injure the Plaintiffs.

8. PNC has acted with due care at all times and complied with all applicable laws, regulations and standards and otherwise acted reasonably.

9. Plaintiff has not suffered any actual damages or realizable ascertainable loss.

10. PNC reserves the right to assert additional defenses at such time and to such event as warranted by discovery and the factual developments of this case.

WHEREFORE, Defendant PNC Bank, N.A. respectfully requests that the Court enter judgment in its favor and against Plaintiff on all counts, that the complaint be dismissed with prejudice, and that PNC be awarded its attorney's fees, costs, and such other relief as the Court deems appropriate.

May 3, 2017

/s/ *Daniel C. Fanaselle*
Daniel J. Tobin (FBN 10338)
Daniel C. Fanaselle (FBN 18753)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2256
Facsimile: (202) 661-2299
tobindj@ballardspahr.com
fanaselled@ballardspahr.com

*Attorneys for Defendant PNC Bank, N.A.*